1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN K. D.,<br><br>             Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY AND<br>ORGANIZER II INC.,<br><br>            Defendants. | Case No.:  22cv1042-RBB<br><br>**ORDER (1) DISMISSING COMPLAINT WITHOUT PREJUDICE AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 2]** |

On July 18, 2022, Plaintiff John D.[1], proceeding in pro se, commenced this action against Defendants "Social Security and Organizer II Inc." for judicial review under 42 U.S.C. § 405(g) of the alleged miscalculation of his disability insurance benefits [ECF No. 1].  At the time he filed his Complaint, Plaintiff also filed a Motion for Appointment of Counsel [ECF No. 2] and a Motion for Leave to Proceed In Forma Pauperis ("IFP")

---

[1] The Court refers to Plaintiff using only his first name and last initial pursuant to the Court's Civil Local Rules.  See S.D. Cal. Civ. R. 7.1(e)(6)(b).

1

22cv1042-RBB

1   [ECF No. 3].  Plaintiff consented to have this Court conduct all proceedings on July 25,

2   2022 [ECF No. 5].[2]  The Court granted John D.'s request to proceed IFP on August 9,

3   2022 [ECF No. 6].

4        For the following reasons, Plaintiff's Complaint is **DISMISSED WITHOUT**

5   **PREJUDICE**, and his Motion for Appointment of Counsel is **DENIED**.

6            **I.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

7   **A.   Standard of Review**

8        The Court must screen every in forma pauperis proceeding brought pursuant to 28

9   U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a

10  claim on which relief may be granted," or "seeks monetary relief against a defendant who

11  is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also Calhoun v. Stahl, 254

12  F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

13  limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)

14  (noting that "section 1915(e) not only permits but requires a district court to dismiss an in

15  forma pauperis complaint that fails to state a claim") (citation omitted).  Because John D.

16  is appearing pro se, the Court liberally construes his filings.  See Erickson v. Pardus, 551

17  U.S. 89, 94 (2007).

18       Exclusive jurisdiction over Social Security benefits cases arises from 42 U.S.C.

19  § 405(g)[.]").  Malcolm v. Astrue, 735 F. Supp. 2d 118, 120 (D. Del. Aug. 25, 2010).

20  With respect to social security appeals, district courts in the Ninth Circuit have outlined

21  the basic requirements for complaints to satisfy the Court's § 1915(e) screening.  First,

22  the plaintiff must establish that he has exhausted his administrative remedies pursuant to

23  § 405(g), and that the civil action was commenced within sixty days after notice of a final

24

25  _____

26  [2] The United States has informed the Court of its general consent to Magistrate Judge jurisdiction in
27  cases of this nature.

2

28                                                                                          22cv1042-RBB

1    decision.  Second, the complaint must indicate the judicial district in which the plaintiff

2    resides.  Third, the complaint must state the nature of the plaintiff's disability and when

3    the plaintiff claims he became disabled.  Fourth, the complaint must contain a plain,

4    short, and concise statement identifying the nature of the plaintiff's disagreement with the

5    determination made by the Social Security Administration and show that the plaintiff is

6    entitled to relief.  See, e.g., Montoya v. Colvin, Case No. 2:16-cv-00454-RFB-NJK, 2016

7    WL 890922, at *2 (D. Nev. Mar. 8, 2016); Roberta N. v. Kijakazi, Case No. 21-cv-

8    01504-JLB, 2021 WL 4358178, at *2 (S.D. Cal. Sept. 24, 2021).

9    **B.**     **Plaintiff's Complaint**

10         According to the Complaint and exhibits attached thereto, Plaintiff was awarded

11    Social Security disability benefits on March 28, 2016, with an entitlement date of June

12    2014.  (Compl. 2, ECF No. 1; id. Attach. #2 [notice of award], at 1.)  The monthly benefit

13    rate was $829.50 at the time of his award.  (Id. Attach. #2 [notice of award], at 1.)  John

14    D. alleges that the Social Security Administration has not increased his benefit amount by

15    6.2 percent annually as required and he is currently owed $6,200 per month as well as

16    "back pay benefits" from 2016 to 2022.  (Compl. 2, ECF No. 1.)  He states that he has

17    called the Social Security office to request the increased benefit payment to no avail.

18    (Id.)  He also claims that he filed a "reconsideration hearing before the administrative law

19    [j]udge" in "January," (see id.), but provides no further details or documentation of that

20    filing.  Also attached as exhibits to the Complaint are Plaintiff's Social Security

21    Statement dated October 14, 2010, (see id. Attach. #2 [statement], at 7-12), and a mostly

22    incomprehensible narrative that appears to have been prepared by John D. for the purpose

23    of supporting his allegations, (see id. Attach. #2 [narrative], at 13-18).

24    **C.**     **Discussion**

25         Section 405(g) provides, "Any individual, after any final decision of the

26    Commissioner of Social Security made after a hearing to which he was a party . . . may

27

28

1  obtain a review of such decision by a civil action commenced within sixty days after the

2  mailing to him of notice of such decision[.]"  42 U.S.C. § 405(g).  To obtain a final

3  Social Security Administration ("SSA") decision, a claimant must complete the process

4  of administrative review.  See 20 C.F.R. § 404.900(a) (2017).

5        First, SSA makes its initial determination as to a claimant's entitlement to benefits,

6  continuing entitlement to benefits, benefit amount, or any other matter, and so notifies the

7  claimant in writing.  Id. §§ 404.900(a)(1), 404.902, 404.904.  An initial determination is

8  binding unless the claimant timely requests reconsideration or the SSA revises the initial

9  determination.  Id. § 404.905.  If a claimant is dissatisfied with the SSA's initial

10  determination, he may request reconsideration.  Id. § 404.907.  Generally, a claimant who

11  is dissatisfied with a reconsidered decision may request a hearing before an

12  administrative law judge ("ALJ").  Id. §§ 404.907, 404.930.  The ALJ issues a decision

13  based on the preponderance of the evidence in the hearing record.  Id. § 404.929.  A

14  claimant dissatisfied with the hearing decision may request review by the Appeals

15  Council, which may deny or dismiss the request for review, or may grant the request and

16  either issue a decision or remand the case to the ALJ.  Id. § 404.967.  "The Appeals

17  Council's decision, or the decision of the [ALJ] if the request for review is denied, is

18  binding unless [the claimant files] an action in Federal district court, or the decision is

19  revised."  Id. § 404.981.  An action must be filed in federal court within sixty days after

20  the date the claimant receives notice of the Appeals Council's action.  Id.; see also 42

21  U.S.C. § 405(g).

22        Here, the complaint filed by Plaintiff provides no basis for the Court to find that he

23  has presented his claim to the Social Security Administration in a manner that entitled

24  him to a "final decision," (see 42 U.S.C. § 405(g)), and thereby permitted him to proceed

25  to federal court.  He states that he filed a "reconsideration hearing before the

26  administrative law [j]udge" in "January," (see Compl. 2, ECF No. 1), but it is not clear to

27

28

4

22cv1042-RBB

1  the Court in which year this occurred.  There is also no indication that he received a

2  decision by an ALJ regarding his current allegations, timely requested review of the

3  decision by the Appeals Council, and received notice of the Appeals Council's action.

4  The Court accordingly concludes that Plaintiff failed to exhaust his administrative

5  remedies before filing this action, and, thus, there is no final SSA determination for this

6  Court to consider.  Until John D. exhausts the administrative review process before the

7  SSA, this Court lacks subject-matter jurisdiction for any claims subject to that process.

8  Accordingly, the complaint must be dismissed without prejudice.  If Plaintiff contends

9  that he has exhausted his administrative remedies pursuant to § 405(g) and this action

10  was commenced within sixty days after notice of a final decision, he must file an

11  Amended Complaint that includes the final decision of the Social Security

12  Administration.

### II.   MOTION FOR APPOINTMENT OF COUNSEL

13

14  Plaintiff requests the appointment of counsel to assist him with prosecuting this

15  civil action.  (Mot. Appoint. Counsel 4, ECF No. 2.)  His motion reflects that he has not

16  made any effort to obtain legal counsel on his own.  (Id. at 1, 6.)

17  "[T]here is no absolute right to counsel in civil proceedings."  Hedges v.

18  Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  District

19  courts have discretion, however, to appoint counsel for indigent civil litigants.  See 28

20  U.S.C. § 1915(e)(1).  A civil plaintiff who seeks appointment of counsel must make a

21  reasonably diligent effort to obtain counsel before a court may exercise its discretion

22  under § 1915(e)(1).  Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

23  Additionally, court appointment of counsel requires a showing of "exceptional

24  circumstances."  Terrell v. Brewer, 935 F.2d at 1015, 1017 (9th Cir. 1991).  "A finding of

25  exceptional circumstances requires an evaluation of both 'the likelihood of success on the

26  merits and the ability of the petitioner to articulate his claims *pro se* in light of the

27

28

5

22cv1042-RBB

1   complexity of the legal issues involved.'"  Id.  Neither of these factors is dispositive and

2   both must be viewed together.  Id. (citations omitted).

3          Although Plaintiff has established his indigence by successfully obtaining IFP

4   status, appointing counsel to represent him would be inappropriate because he has failed

5   to demonstrate that he made reasonably diligent efforts to obtain counsel.  His motion for

6   appointment of counsel indicates that he has not contacted any attorneys.  (See Mot.

7   Appoint. Counsel 1, 6, ECF No. 2.)  Even if Plaintiff had demonstrated a reasonable

8   effort to obtain counsel, he fails to show that exceptional circumstances necessitate the

9   appointment of counsel to represent him in this matter.  First, he has not shown a

10  likelihood of success on the merits, as evidenced by the sua sponte dismissal of his claim

11  as set forth above.  Second, Plaintiff's motion for appointment of counsel fails to explain

12  how the complexity of the legal issues involved would prevent him from articulating his

13  claims pro se.

14         Accordingly, his motion for appointment of counsel is **DENIED**.

15                              **III.   CONCLUSION**

16         For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT**

17  **PREJUDICE**, and his Motion for Appointment of Counsel is **DENIED**.  If Plaintiff

18  contends that he has exhausted his administrative remedies pursuant to § 405(g) and his

19  action was commenced within sixty days after notice of a final decision, he must file an

20  Amended Complaint that includes the final decision of the Social Security

21  Administration on or before **September 8, 2022**.  Plaintiff's Amended Complaint must

22  be complete by itself without reference to his original pleading.  See Hal Roach Studios,

23  Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended

24  pleading supersedes the original.").  Should Plaintiff fail to file an Amended Complaint

25  / / /

26  / / /

27

28

22cv1042-RBB

1 | within the time provided, the Court will enter a final order dismissing this civil action

2 | with prejudice.

3 |      **IT IS SO ORDERED**.

4 | Dated:  August 9, 2022

5 |                              Hon. Ruben B. Brooks

6 |                              United States Magistrate Judge

7

22cv1042-RBB